IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHN REEVES, # K-51425, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-cv-00396-JPG |
| | ) | |
| SUSAN KERR, KAREN HEAP, | ) | |
| JOHN DOE, and JANE DOE, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in Robinson Correctional Center ("Robinson"), brings this action *pro se* for alleged violations of his constitutional rights under 28 U.S.C. § 1983 (Doc. 1). Plaintiff claims that four Robinson medical providers, including Defendants Susan Kerr, Karen Heap, John Doe, and Jane Doe, unlawfully denied him access to the medical yard and provided inadequate medical treatment for his genital warts in 2013 (Doc. 1, pp. 5-9). Plaintiff also claims that Defendants denied him any means of exhausting his administrative remedies prior to filing this action (Doc. 1, p. 8). He now sues Defendants for deliberate indifference to his medical needs, denial of equal protection, and negligence (Doc. 1, pp. 7-8). He seeks monetary damages, declaratory judgment, and injunctive relief (Doc. 1, pp. 10-11).

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim

upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."  *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff's complaint consists of a type-written summary of grievances he filed in 2013.  These grievances primarily address two sets of claims.  The first set of claims arises from Plaintiff's alleged denial of access to the medical yard in April 2013.  The second arises from

Plaintiff's treatment for genital warts in September and October 2013.[1] Each is addressed, in turn, below.

1.  **Medical Yard Access**

    According to the complaint, Plaintiff was wrongfully denied access to the medical yard and gym because of his race (Doc. 1, p. 6). Plaintiff is an African-American (Doc. 1, p. 7). He underwent heart surgery and now wears a pacemaker (Doc. 1, p. 6). Because of this, Plaintiff alleges that he should be allowed to exercise in the medical gym and yard, which are less crowded alternatives to the regular gym. He was denied the opportunity to do so, despite filing grievances to address this issue on April 10th and 27th.[2]

    Plaintiff attributes this to his race. He claims that another inmate, who is Caucasian and has the same medical condition as Plaintiff, is allowed to exercise in the medical yard and/or gym. Still other Caucasian inmates, who have no medical conditions at all, are allowed to do the same. According to the complaint, Caucasian inmates are routinely granted the privilege of exercising in the medical yard, whether they need it or not, based on their race.

2.  **Genital Warts Treatment**

    Plaintiff also alleges that he was denied adequate medical treatment for genital warts in September and October (Doc. 1, pp. 5-6, 9). According to the complaint, Plaintiff was seen in Robinson's health care unit ("HCU") on September 19th, September 22nd, and/or October 1st, for treatment of genital warts or "tags" (Doc. 1, pp. 5, 9). A doctor[3] provided Plaintiff with a

---

[1] All of the events giving rise to this action occurred in 2013. For that reason, the Order refers only to the month and day of each event.

[2] It is unclear whether this deprivation persisted for more than seventeen days. The complaint lists April 10th and 27th as dates Plaintiff presumably filed grievances. However, no allegations suggest that this denial continued beyond April 2013 (Doc. 1, p. 6).

[3] The doctor is not identified, and it is not clear whether Plaintiff intends to name the doctor as a defendant in this action because the "John Doe" and "Jane Doe" defendants are described as "medical staff" and not "doctors" at Robinson (Doc. 1, p. 2).

topical solution for application to the affected area.  Plaintiff had no prior experience applying the medication, and he claims that medical staff should have done so.  Instead of applying it once each week for six weeks, Plaintiff applied the medication daily for five days (Doc. 1, p. 5).  Medical staff provided the medication to Plaintiff each day.

Plaintiff "claims that the medication was an acid and ate away at his skin" (Doc. 1, p. 9).  By the fourth day, the "pain was unbearable and the smell was so bad, that the Plaintiff did'nt (sic) want to stay in the room with other inmate[s]" (Doc. 1, p. 5).  He describes the pain as "very very intolerable" and claims that he could not move without crying (Doc. 1, p. 6).

The nurses were allegedly "indifferent to his situation" (Doc. 1, p. 5).  When Plaintiff complained about the condition, Defendant Kerr would not listen to him.  She allegedly slammed the door in his face.  When he went to the medical line to request "ABA pads" on September 30th, the nurse told Plaintiff to come back the following morning (Doc. 1, p. 6).  Although Plaintiff received a "medical lay-in" from October 1st–15th, he was told that nothing could be done (Doc. 1, p. 9).  After October 31st, there was no additional follow up for the condition.

**3.      Access to Grievance Procedure**

Finally, Plaintiff alleges that Defendants acted in concert with one another to deprive him of his ability to exhaust administrative remedies before filing this lawsuit (Doc. 1, p. 8).  They did this by processing his grievances as "requests," which could not be appealed through the administrative channels prior to commencing this action.

## Discussion

After carefully considering the allegations, the Court finds it convenient to divide the complaint into five counts.  The parties and the Court will use these designations in all future

4

pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1:** Eighth Amendment claim for denial of medical yard access.

**Count 2:** Eighth Amendment claim for failure to properly treat genital warts.

**Count 3:** Fourteenth Amendment equal protection claim for denial of medical yard and gym access because of race.

**Count 4:** First and/or Fourteenth Amendment claim for denial of access to courts and/or grievance process.

**Count 5:** Medical negligence claim for failure to properly treat genital warts.

**Count 1 – Medical Yard Access Claim**

Even at this early stage in litigation, the complaint fails to articulate a colorable Eighth Amendment claim against any defendants for the denial of medical yard access (**Count 1**). Relevant to Plaintiff's claim, the Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard. *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

Courts have held that short periods of exercise denial do not violate the Constitution. *See Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988) (28-day denial not unconstitutional); *Phillips v. Norris*, 320 F.3d 844 (8th Cir. 2003) (37 days in segregation without exercise "is perhaps pushing the outer limits of acceptable restrictions" but does not create atypical and

substantial hardship); *Vinson v. Texas Bd. of Corr.*, 901 F.2d 474, 475 (5th Cir. 1990) (occasional denial of recreation claims were frivolous). However, longer periods without exercise may state a constitutional claim. *See Delaney v. DeTella*, 256 F.3d 679, 683-85 (7th Cir. 2001) (6-month denial states a claim; a strong likelihood of injury is present after 90 days).

In the instant case, the denial of access to the medical gym and/or yard does not support an Eighth Amendment claim, where Plaintiff has access to adequate exercise opportunities in the regular gym. The complaint does not allege that Plaintiff was denied access to the regular gym. It merely alleges that he considered it to be too crowded. Further, the complaint does not suggest that Plaintiff was denied access to exercise opportunities altogether for any length of time. Instead, it alleges that Plaintiff was denied access to the exercise location of his choice for seventeen days in April 2013. This does not give rise to a constitutional claim under the Eighth Amendment. Accordingly, **Count 1** shall be dismissed against all defendants without prejudice.

**Count 2 – Medical Treatment Claim**

Plaintiff shall be allowed to proceed with an Eighth Amendment medical needs claim (**Count 2**) against Defendant Kerr, based on her alleged failure to properly treat Plaintiff's genital warts.

However, Plaintiff shall not be allowed to proceed with **Count 2** against any other defendant. Plaintiff names John Doe, Jane Doe, and Karen Heap as defendants in the case caption, but does not mention them again until the request for relief. It is therefore unclear what these medical providers allegedly did to violate Plaintiff's constitutional rights. The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so the defendants are put on notice of the claims brought

against them and so they can properly answer the complaint. The allegations in the complaint, which make no mention of Defendants Doe or Heap, fail to put the Court or the defendants on notice of Plaintiff's claims against them.

In addition, in the request for relief, Plaintiff alleges that these same defendants were negligent in their treatment of Plaintiff. A defendant can never be held liable under § 1983 for negligence, or even gross negligence. *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012). Therefore, Plaintiff's allegations of negligence do not support an Eighth Amendment claim against Defendants Doe or Heap.

To summarize, Plaintiff shall be allowed to proceed with **Count 2** against Defendant Kerr. However, this claim shall be dismissed without prejudice against the remaining defendants.

**Count 3 – Equal Protection Claim**

The Court finds that the complaint states a viable claim under the Equal Protection Clause of the Fourteenth Amendment (**Count 3**) for the race-based denial of medical yard and gym privileges. Plaintiff's allegation that non-Caucasians are prohibited from using the medical yard and/or gym suggests that inmates were classified for disparate treatment because of their race. It is well-established that any official action which treats a person differently because of his race or ethnic origin is "inherently suspect." *Fisher v. University of Texas at Austin*, 133 S. Ct. 2411, 2418 (2013) (citation omitted). Racial classifications are constitutional under the Equal Protection Clause only if they are narrowly tailored to further compelling governmental interests. *Fisher*, 133 S. Ct. at 2418. The complaint suggests no governmental interest that is served by a race-based classification in this context. Accordingly, Plaintiff shall be allowed to proceed with his equal protection claim.

However, Plaintiff has not named any particular defendant in connection with this claim. This, alone, is not fatal to Count 3. The complaint suggests that this practice is both widespread and routine. In his request for relief, Plaintiff seeks injunctive relief. Therefore, the Court shall allow Plaintiff to proceed with **Count 3** against Robinson's warden, in his official capacity, on Plaintiff's claim that an official policy, custom, or practice resulted in the denial of medical gym privileges to non-Caucasian prisoners. The Clerk shall be directed to add Robinson's warden as a defendant to this action. Count 3 shall be dismissed without prejudice against all other defendants.

**Count 4 – Access to Grievance Process**

Plaintiff's claim that he was deprived of his right to access Robinson's grievance procedures (**Count 4**) prior to commencing this action fails to state any claim for relief. This claim sounds in the Due Process Clause of the Fourteenth Amendment. However, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Rather, the procedural due process right exists to ensure that prisoners and detainees can access the courts. *Id*. Plaintiff's invocation of the judicial process in this case demonstrates that Defendants have not infringed on Plaintiff's First Amendment right to petition the government for a redress of his grievances or his Fourteenth Amendment due process rights. *Id.* (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (D.C. Ill. 1982)). Accordingly, **Count 4** fails and shall be dismissed against all defendants with prejudice. This includes any conspiracy claim that arises from Plaintiff's alleged denial of access to grievance procedures at Robinson.

**Count 5 – Medical Negligence Claim**

Plaintiff also raises a negligence (i.e., medical malpractice) claim, based on the same conduct described above in Count 2 (i.e., Defendant Kerr's failure to adequately treat Plaintiff's genital warts). As explained above, a defendant can never be held liable under § 1983 for negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). As the Seventh Circuit has made clear, "medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim." *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997). *See also Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference.").

However, where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)). While this Court has supplemental jurisdiction over the state-law negligence claim arising from Defendant Kerr's failure to treat his genital warts pursuant to 28 U.S.C. § 1367, this is not the end of the matter.

Under Illinois law, a Plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: (1) that the affiant has consulted and reviewed the facts of the case with a qualified

9

health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); (2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or (3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. § 5/2-622(a) (as amended by P.A. 90-579, effective May 1, 1998).[4] A separate affidavit and report shall be filed as to each defendant, which, in this case, is only Defendant Kerr. *See* 735 ILL. COMP. STAT. § 5/2-622(b). Plaintiff's negligence claims against all remaining defendants fail, even at this early stage, based on Plaintiff's lack of allegations against the other defendants in his statement of claim.

Failure to file the required affidavit with regard to Defendant Kerr is grounds for dismissal of Plaintiff's negligence claim against this defendant. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod*, 223 F.3d at 613. However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, 2007 WL 1655799 *4-5 (S.D. Ill. 2007).

---

[4] P.A. 94-677, effective August 25, 2005, which amended 735 ILL. COMP. STAT. § 5/2-622(a) and other portions of the Illinois statute governing health care and medical malpractice actions, was held to be unconstitutional in its entirety in *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010). As a result of *Lebron*, the previous version of the statute is now in effect. *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010).

In the instant case, Plaintiff has failed to file the necessary affidavit with regard to Defendant Kerr. Therefore, the claim in Count 5 is subject to dismissal. Plaintiff shall be allowed 60 days from the date of this Order to file the required affidavit. Should Plaintiff fail to do so in a timely manner, **Count 5** shall be dismissed without prejudice. FED. R. CIV. P. 41(b).

### Pending Motion

In his request for relief, Plaintiff seeks a preliminary and permanent injunction ordering the defendants to "cease and desist from the misconduct" (Doc. 1, p. 8). This request is vague, to say the least. To the extent Plaintiff seeks a preliminary injunction, the Court hereby **DENIES** the request.

In order to obtain preliminary injunctive relief, whether through a temporary restraining order or a preliminary injunction, Plaintiff must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists, and; (3) Plaintiff will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If those three factors are shown, the district court must then balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

Plaintiff's request for injunctive relief does not satisfy the first three factors. With regard to the first factor, the Court notes that several of Plaintiff's claims do not survive threshold review, including his Eighth Amendment medical yard access claim and his First/Fourteenth Amendment grievance access claim. With regard to the remaining claims, the underlying action provides an adequate remedy at law. Plaintiff's complaint does not identify any urgent issue that must be addressed. According to the allegations, Plaintiff has access to exercise opportunities in the regular yard, whether he chooses to take advantage of those opportunities or not. Further, his

treatment for genital warts, which was clearly ineffective, was discontinued after five days in October 2013, and the complaint does not allege that immediate medical care for the underlying condition or resulting injuries is now necessary.  As for the third factor, the complaint does not suggest that Plaintiff will suffer additional irreparable harm without this drastic form of relief.

Based on the foregoing discussion, Plaintiff's request for a preliminary injunction is **DENIED** without prejudice to Plaintiff filing a subsequent motion should one become necessary in the regular course of litigation.  Plaintiff's request for a permanent injunction is hereby **REFERRED** to a United States Magistrate Judge for a decision at a later date.

### Disposition

The **CLERK** is **DIRECTED** to add **ROBINSON'S WARDEN** as a defendant to this action, in his official capacity only.

**IT IS HEREBY ORDERED** that **COUNT 1** is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted.  **COUNT 4** is **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

**IT IS ALSO ORDERED** that Defendants **KAREN HEAP, JANE DOE,** and **JOHN DOE** are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that as to the medical malpractice claim in **COUNT 5** against Defendant **SUSAN KERR**, Plaintiff shall file the required affidavit pursuant to 735 ILL. COMP. STAT. § 5/2-622, no later than 60 days from the date of this Order (**on or before June 23, 2014**).  Should Plaintiff fail to timely file the required affidavit, **COUNT 5** shall be dismissed without prejudice.

**AS TO COUNTS 2, 3,** and **5**, the Clerk of Court shall prepare for **DEFENDANTS SUSAN KERR** and **ROBINSON'S WARDEN**: (1) Form 5 (Notice of a Lawsuit and Request

to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including a decision on Plaintiff's motion for

a permanent injunction in the regular course of litigation.  Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 23, 2014**

                                                          *s/ J. Phil Gilbert*
                                                          **U.S. District Judge**